|   |   |   |
|---|---|---|
| 1 |   |   |
| 2 |   |   |
| 3 |   |   |
| 4 |   |   |
| 5 |   |   |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

JUNE WISNIEWSKI,               )
                               )
      Plaintiff,          )   3:11-cv-00621-LRH-WGC
                               )
v.                             )
                               )   O R D E R
VITUS GROUP, INC., *et al.*,   )
                               )
      Defendants.         )
_____)

      Before this Court is the Report and Recommendation of U.S. Magistrate Judge William G. Cobb (#6[1]) entered on November 2, 2011, recommending granting Plaintiff's request to proceed *in forma pauperis* (#1) and reviewing Plaintiff's First Amended Complaint (#5). No objection to the Report and Recommendation has been filed. The action was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)B and Local Rule 1B 1-4 of the Rules of Practice of the United States District Court for the District of Nevada.

      The Court has conducted its *de novo* review in this case, has fully considered the pleadings and memoranda of the parties and other relevant matters of record pursuant to 28 U.S.C. § 636 (b) (1) (B) and Local Rule IB 3-2. The Court determines that the Magistrate Judge's Report and Recommendation (#6) entered on November, 2011, should be adopted and accepted.

---

[1]Refers to court's docket number.

IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation (#6) entered on November 2, 2011, is adopted and accepted as follows:

(1) Plaintiff's requests to proceed in forma pauperis (Doc. # 1) is **GRANTED.** The Clerk of the Court is instructed to **FILE** the First Amended Complaint (Doc. # 5). The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. The order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense;

(2) Plaintiff is allowed to proceed with her claim under the FHAA, 42 U.S.C. § 3604(f)(3), against Defendants Vitus, Washoe Mill Partners, L.P., Washoe Mill Management, LLC, and EPMI;

(3) Plaintiff's claim that Defendant Precision violated the FHAA, 42 U.S.C. § 3604(f)(3), is **DISMISSED WITH PREJUDICE**;

(4) Plaintiff is allowed to proceed with the claim of violation of the RA, 29 U.S.C. § 794(a), against Defendants Vitus, Washoe Mill Partners, L.P.,Washoe Mill Management, LLC, EPMI, and Precision;

(5) Plaintiff's claim for violation of 24 C.F.R. § 50.3(i)(1)is **DISMISSED WITHOUT PREJUDICE**. Plaintiff is given leave to amend to the extent she can allege a colorable claim under a statute that provides a private right of action under these facts;

(6) Plaintiff's claim for violation of 24 C.F.R. § 5.703 is **DISMISSED WITHOUT PREJUDICE**. To the extent Plaintiff can allege a colorable violation of a statute conferring a private right of action under these facts, Plaintiff is given leave to amend;

(7) To the extent Plaintiff asserts a claim under the ADA, it is **DISMISSED WITH PREJUDICE**;

(8) Insofar as Plaintiff asserts a violation of a regulatory agreement, this claim is **DISMISSED WITHOUT PREJUDICE**;

(9) Plaintiff's claim that Defendants violated 24 C.F.R. § 3280.309 is **DISMISSED WITH PREJUDICE**;

2

(10) Plaintiff's claim that Defendants violated 29 C.F.R. § 1926.1101 is **DISMISSED WITH PREJUDICE**;

(11) Plaintiff is allowed to proceed with her claim for strict products liability design defect and failure to warn regarding the cabinets as to Defendants Lanz and Rosebud. This claim is **DISMISSED WITH PREJUDICE** as to Defendants Vitus, Washoe Mill Partners, LP, Washoe Mill Management, LLC, EPMI, and Precision;

(12) Plaintiff's claim of strict liability regarding the carpet installation is **DISMISSED WITHOUT PREJUDICE**;

(13) Plaintiff is allowed to proceed with her claim for negligence (formaldehyde) against Defendants Vitus, Washoe Mill Partners, LP, Washoe Mill Management, LLC, EPMI, Precision, Lanz and Rosebud;

(14) Plaintiff's claim for negligence related to asbestos removal is **DISMISSED WITHOUT PREJUDICE**;

(15) Plaintiff's claim for fraudulent concealment of the formaldehyde in the cabinets is allowed to proceed against Defendants Vitus, Washoe Mill Partners, LP, Washoe Mill Management, LLC, EPMI, and Precision;

(16) Plaintiff's claim for fraudulent concealment of the asbestos removal is **DISMISSED WITHOUT PREJUDICE**;

(17) To the extent Plaintiff asserts a bystander theory of negligent infliction of emotional distress, this claim is **DISMISSED WITH PREJUDICE**;

(18) To the extent Plaintiff asserts a direct theory of negligent infliction of emotional distress, this claim is allowed to proceed against Defendants Vitus, Washoe Mill Partners, LP, Washoe Mill Management, LLC, EPMI, and Precision;

(19) Plaintiff is allowed to proceed with her claim for violation of NRS 118A.510 against Defendants Vitus, Washoe Mill Partners, LP, Washoe Mill Management, LLC, and EPMI;

(20) Plaintiff is allowed to proceed with her claim for violation of NRS 118A.500 against

1  Defendants Vitus, Washoe Mill Partners, LP, Washoe Mill Management, LLC, EPMI, and Precision;

2  (21) Plaintiff is allowed to proceed with her claim of breach of the implied warranty of
3  habitability under NRS 118A.355 and NRS 118A.360 against Defendants Vitus, Washoe Mill Partners,
4  LP, Washoe Mill Management, LLC, and EPMI;

5  (22) Plaintiff's claim based on alleged violation of the Nevada Rules of Professional Conduct
6  by Fahrendorf, Viloria, Oliphant, & Oster, L.L.P., and attorney Roger Doyle, is **DISMISSED WITH**
7  **PREJUDICE**;

8  (23) Plaintiff's claims of criminal conduct are **DISMISSED WITH PREJUDICE**;

9  (24) Failing to state any claim upon which relief may be granted as to Fahrendorf, Viloria,
10  Oliphant, & Oster, L.L.P., and attorney Roger Doyle, these defendants are **DISMISSED WITHOUT**
11  **PREJUDICE**;

12  (25) Plaintiff is advised that pursuant to Local Rule 15-1, if she chooses to file a second
13  amended complaint, it shall be complete in itself without reference to any previous complaint. Plaintiff
14  is given thirty (30) days from the date of the order adopting the Report and Recommendation within
15  which to file a second amended complaint remedying, if possible, the defects in the First Amended
16  Complaint explained above. Any allegations, parties, or requests for relief from prior papers that are
17  not carried forward in the second amended complaint will no longer be before the court. Plaintiff is
18  cautioned that if she fails to file a second amended complaint within the time period specified above,
19  the action will proceed on the First Amended Complaint, and only with respect to those claims which
20  the court allows to proceed. Plaintiff shall clearly title the second amended complaint as such by
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///

placing the words "SECOND AMENDED COMPLAINT" on page 1 in the caption, and plaintiff shall place the case number, **3:11-CV-00621-LRH-WGC**, above the words "SECOND AMENDED COMPLAINT" in the space for "Case No."

IT IS SO ORDERED.

DATED this 17th day of November, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE